UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

_____
                                                            )
CONSIGLI CONSTRUCTION CO., INC.,    )
                                                            )
Plaintiff                                                )
                                                            )
v.                                                          )
                                                            )
ACADIA INSURANCE COMPANY,           )
OLD REPUBLIC GENERAL                    )
INSURANCE CORPORATION and          )
ROOF SYSTEMS OF MAINE, INC.,         )
                                                            )
Defendants                                            )
_____)

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

This is an action for declaratory relief and damages in which Plaintiff Consigli

Construction Co., Inc., a named insured under general liability policies issued by Defendants

Acadia Insurance Company and Old Republic Insurance Company, seeks a declaration by this

court that either or both insurers are required to indemnify and defend Consigli for costs,

damages and claims arising from roofing system failures on a construction project in Bangor,

Maine, and seeks an award of those damages against either or both insurers.  In the alternative,

Consigli seeks an award of damages against Defendant Roof Systems of Maine, Inc., the

subcontractor who performed the roofing work on that construction project.

## PARTIES

1.       Plaintiff Consigli Construction Co., Inc. ("Consigli") is a Massachusetts

corporation with a principal place of business at 72 Sumner Street, Milford, Massachusetts.

Consigli is engaged in business as a general contractor and construction manager and has been so

engaged for over 100 years.

2.      Defendant Acadia Insurance Company ("Acadia") is a New Hampshire corporation with a principal place of business at One Acadia Commons in Westbrook, Maine.

3.      Defendant Old Republic General Insurance Corporation ("Old Republic") is an Illinois corporation with a principal place of business at 307 North Michigan Avenue, Chicago, Illinois and a registered agent for service of process at 45 Memorial Circle, Augusta, Maine.

4.      Defendant Roof Systems of Maine, Inc. ("RSM") is a Maine Corporation with a principal place of business at Target Industrial Circle in Bangor, Maine.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 (exclusive of interest and costs) and because no defendant is a citizen of the same state as Consigli.  In addition, this action presents an actual case or controversy within the Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

6.      Venue is proper under 28 U.S.C. §1391 because a substantial portion of the events giving rise to Consigli's claims occurred within the State of Maine, because all defendants are subject to personal jurisdiction in this Court, because Consigli, although a citizen of Massachusetts, maintains a place of business in Portland, Maine and because, by written agreement, Consigli and RSM agreed that any legal actions relating to their disputes would be maintained in Portland, Maine.

## FACTS

### Project Background

7.      Consigli was the construction manager for the new Penobscot County Courthouse in Bangor, Maine (the "Project").  The Project consisted of the construction of a three story,

101,000 square foot building along with associated landscape and other exterior improvements.

The Project was constructed in accordance with a written agreement (the "Contract") dated May

18, 2007 between Consigli and the State of Maine Judicial Branch (the "Owner").

8.      On or about July 15, 2008, in furtherance of the Contract, Consigli entered a

subcontract (the "Subcontract") with Roof Systems of Maine, Inc. ("RSM") to furnish and install

all roofing and roof-top metal wall panels required for the project, in accordance with the

Owner's plans and specifications and all other requirements of the Subcontract between Consigli

and the Owner.

9.      More specifically, the Subcontract required RSM to furnish and install the

following:

- an air-vapor barrier ("AVB") on top of a concrete roof slab installed by Consigli;
- a layer of rigid insulation board on top of the AVB;
- a layer of "densdeck" coverboard on top of the insulation;
- a thermoplastic polyolefin ("TPO") membrane bonded to the top of the densdeck;
- insulated metal wall panels at a penthouse structure on the roof of the courthouse.

10.     In connection with that work, RSM was required to prepare and submit, for

approval by the Owner's engineer or architect, shop drawings, product specifications and other

design details regarding the work, and was required to perform the work in accordance with

those approved submittals.

11.     In addition to the listed project components which RSM was required to furnish

and install, RSM was also required to furnish and install all flashing, sealants and other ancillary

materials necessary to prevent water infiltrations at roof and wall panel penetrations, including

penetrations made by other subcontractors.

12.     RSM was further required to coordinate work with the other subcontractors in order to ensure that penetrations by other subcontractors did not allow water infiltration into the roof system.

13.     Finally, RSM was required to inspect and test the roof system to ensure that it was watertight in order to provide to the Owner a full warranty from Firestone, the manufacturer of the roof system.

14.     Consigli commenced work on the Project in September of 2007 and substantially completed the Project on or about October 2, 2009.  As a subcontractor to Consigli, RSM performed its work during that same time period, commencing work at the Project site in November of 2008 and substantially completing its work in June of 2009.   The Owner took possession of the Project in October of 2009 and has occupied and used the project as a judicial facility since that time.

**Roofing System Failures**

15.     In July of 2011, Consigli was informed by the Owner of observed failures of the roofing system at the Project.  The roofing system was then inspected by Consigli, by RSM and by Firestone.  That inspection showed that the adhesive bonding of the TPO membrane to the densdeck coverboard had failed at various locations, and that a significant portion of the densdeck and insulation in the roofing system was deteriorated beyond repair due to the presence of water inside the roof system.

16.     Consigli then engaged an engineering consultant, Simpson Gumpertz & Heger, Inc. ("SGH") to investigate the roofing system problems and to propose remedial measures. SGH inspected the roofing system and issued a report in December of 2010, a copy of which is attached hereto as Exhibit A.

17.     The SGH report concluded that the roofing failures were likely the result of (a) RSM's use of wet or frozen roofing materials at the time of construction, (b) RSM's failure to protect the leading edge of roofing materials from weather during installation or (c) by un-detected leaks into the roof assembly.

18.     The SGH report also noted the existence of intermittent defects in the AVB which RSM had installed, and that those AVB defects may have contributed to the roofing failures by allowing water vapor to enter the roofing system from the inside of the building.  SGH concluded however, that those defects could only have caused a small portion of the roofing failures at issue.

19.     The SGH Report then recommended a repair procedure which included removal and replacement of the TPO membrane, the densdeck and the insulation in all locations where significant moisture was present, and the repair or replacement of the AVB where needed.

20.     As noted above, RSM had comprehensive responsibility to ensure that the roofing system was detailed, constructed, flashed, sealed,  inspected and  tested in a manner which prevented water infiltration.  That comprehensive responsibility for the roofing system, along with the conclusions set forth in the SGH report, indicated that the roofing failures were the responsibility of RSM.  Consigli therefore demanded that RSM repair the roof at its own cost, and set forth that demand in in writing, by letter dated January 17, 2012.  A copy of that letter is attached hereto as Exhibit B.

21.     In response, RSM claimed that the roofing failures were caused by factors for which RSM was not responsible, such as undetected TPO membrane penetrations by other subcontractors or infiltration of moist air into the roofing system from the inside of the building.

22.     RSM failed, however, to provide any evidence of such factors, despite Consigli's repeated requests to RSM to provide the same.  In addition, RSM participated in every inspection of the roofing system, and had numerous opportunities to perform additional inspections and to engage experts to provide any information or analysis which might identify other potential causes of the roofing system failure, but RSM failed to do so.

23.     RSM eventually did engage a roofing consultant –  six months after the roofing system failures were discovered – but that expert failed to identify any credible alternate causes for the roofing failures, failed to specify any further investigative procedures to determine potential causes and did not propose any alternate repair procedures.

### Consigli's Demands Upon Insurers

24.     At the outset of the Project, Consigli had been insured by Defendant Acadia Insurance Company under General Liability Policy CPA0086238-16 (the "Acadia-Consigli Policy"), for the policy period of December 30, 2008 through December 30, 2009.

25.     Upon the expiration of the Acadia-Consigli Policy, Consigli obtained insurance from Defendant Old Republic General Insurance Corporation for the remainder of the Project, under General Liability Policy A2DG96830900 (the "Old Republic Policy"), for a policy period of December 30, 2009 through December 30, 2011.

26.     Consigli was also insured by Acadia as an additional insured under general liability and excess liability policies issued to RSM, under policies CPA01054416, CPA010544415, CPA010544414, CUA010544615 and CUA010544614 (the "Acadia-RSM Policies").

6

27.     The roofing system failures at issue caused property damage for which Consigli

was entitled, under the terms of those policies, to indemnity and defense for all losses, costs,

damages and claims arising from that defective work.

28.     Consigli therefore gave notice to both insurers and demanded that those insurers

provide the indemnity and defense required under the terms of the applicable policies, by letter to

Defendant Acadia Insurance Company dated January 18, 2012, a copy of which is attached

hereto as Exhibit C, and by letter to Defendant Old Republic General Insurance Corporation, also

dated January 18, 2012, a copy of which is attached hereto as Exhibit D.

29.     Despite those demands, both Acadia and Old Republic denied coverage and

refused to provide indemnity or defense in connection with any of the damages at issue.

**Further Investigation, Remedial Measures and Damages**

30.     Regardless of whether the remedial work at issue would be paid for by any insurer

or by RSM, Consigli was contractually obligated to the Owner to ensure that the roofing system

was properly repaired or replaced.  Accordingly, Consigli, in cooperation with RSM, continued

to investigate the roofing system through the spring of 2012.

31.     That investigation eventually showed that much of the roofing system, including

the entirety of the TPO membrane, the densdeck panels and the insulation, needed to be removed

and replaced, and that the AVB would need to be substantially or completely replaced in many

locations as well.

32.     Although Consigli believed that the cost of the work at issue should be borne

entirely by the insurers or by RSM, neither RSM nor the insurers agreed to accept that

responsibility.  In order to ensure that the required remedial work was promptly and cost-

effectively performed, Consigli entered into an agreement with RSM to cooperate in the

performance of that remedial work and to share the cost of that work on an interim basis, pending later dispute resolution procedures to determine how those costs would be allocated.

33.    The remedial work on the roof began in June of 2012 and was completed in September of 2012.  In October of 2012, however, the Owner discovered additional water entering the roofing system.  Consigli, RSM and SGH then returned to perform further investigations, along with a new engineering consultant – Wiss, Janney, Elstner Associates – who had been engaged by RSM.

34.    Those further investigations revealed a previously undiscovered source of water infiltration into the roof at the metal wall panels installed by RSM on the penthouse of the courthouse .   More specifically, those investigations showed that water had infiltrated the penthouse wall panel system at inadequately sealed duct penetrations in those panels.

35.    Those investigations further showed that water from the wall panels had then entered the roofing system itself at the base of those wall panels where RSM had failed to install "termination bars." Those termination bars had been specified in RSM's approved design-detail shop drawings and recommended by the roof system manufacturer, and were therefore required to have been installed in accordance with the Subcontract.

36.    After still more investigative work, it was determined that further repairs of the roof would be required.  That work was performed by Consigli and RSM pursuant to an amendment to their earlier written agreement, with the final allocation of costs again to be determined at a later date.

37.    As of May 17, 2014, the total of costs incurred by Consigli in connection with the roofing failures was $541,577, while the total of costs reportedly incurred by RSM was also in excess of $500,000.   In accordance with their written agreements regarding the roof repairs,

Consigli has presented its damages to RSM, and RSM has presented its alleged damages to Consigli, in order to seek recovery for those damages.

38.     On June 3, 2014, Consigli gave notice to Acadia and to Old Republic that the damages it had incurred as a result of the roofing system failure had been compiled and demanded that the insurers indemnify Consigli for those damages and indemnify and defend Consigli from any claims which RSM might bring against Consigli to recover RSM's alleged $500,000 of costs.  A copy of that letter is attached as Exhibit E.    To date, neither insurer has agreed to indemnify or defend Consigli in connection with the damages and claims at issue.

## COUNT I
### Declaratory Judgment as to Insurance Coverage – Acadia and Old Republic

39.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Thirty-Eight as set forth above.

40.     Acadia Insurance Company (under the Acadia-Consigli Policy) and Old Republic provided insurance coverage for consecutive time periods, commencing before the damages were caused and concluding after the damages were caused, discovered and repaired.  Both of those carriers, however, have denied coverage on the grounds that the damages fall outside of the coverage period.

41.     Specifically, Acadia has denied coverage under the Acadia-Consigli Policy on the grounds that the damages were discovered in July of 2011, beyond the December 30, 2009 end of the policy period, while Old Republic has denied coverage on the grounds that the damages began to occur prior to the commencement of coverage under the Old Republic Policy, which took effect on December 30, 2009 and continues in effect to this date.  A copy of Acadia's letter

denying coverage is attached hereto as Exhibit F, and a copy of Old Republic's letter denying

coverage is attached hereto as Exhibit G.

42.     Acadia's denial letter expressly suggests that Consigli's claim be presented to the

insurance carrier for the subsequent policy period, which is Old Republic, while Old Republic's

denial letter expressly suggests that Consigli's claim be presented to the insurance carrier for the

prior policy period, which is Acadia.   Either or both insurers must, however, be responsible for

the damages at issue, which occurred during the consecutive coverage periods of these general

liability insurance policies.

43.     There are no exceptions or exclusions to coverage under the Acadia-Consigli

Policy or the Old Republic Policy, and Consigli has complied with any and all applicable

conditions and requirements of the Acadia-Consigli Policy and the Old Republic Policy to obtain

the indemnity and defense required under those policies.

44.     Consigli is entitled to payment by Acadia and/or Old Republic in the amount of

its $541,577 of damages, and to indemnity and defense from and against the potential claims of

RSM.

45.     This action presents an actual case or controversy with respect to the rights and

obligations of the parties under the insurance policies at issue, such that this Court is empowered

to issue declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

et seq.

**WHEREFORE,** Plaintiff Consigli Construction Company respectfully requests that this

Court determine and declare the Consigli is entitled to indemnity and defense from Acadia

and/or Old Republic, including a payment of its $541,577 of damages and to indemnity and

defense against the potential claims of RSM.

## COUNT II
### Declaratory Judgment as to Insurance Coverage – Acadia-RSM Policy

46.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Forty-Five as set forth above.

47.     Consigli was an additional named insured under the terms of the Acadia-RSM Policy, which required Acadia to provide indemnity and defense to Consigli for damages arising from the work of RSM.  The policy further provided that such coverage was to be primary to Consigli's direct coverage.

48.     Acadia has denied coverage to Consigli on the grounds that no suit was commenced against Consigli and on the grounds that RSM had not been conclusively proven to be responsible for the roofing failures at issue.

49.     Conclusive proof of damages is not, however, required to trigger the defense requirement of the RSM-Acadia Policy, and Consigli was not required to ignore its contractual obligations to repair the roof in question in order to obtain the coverage to which it is contractually entitled.

50.     Acadia has also stated that the damages are unrecoverable under the "your work" exclusion of the Acadia-RSM policy.  Although that provision of the policy may bar recovery of a small portion of Consigli's damages, the majority of the damages constitute consequential damages arising from the defective work, are not merely the cost of replacing the defective work itself, and are therefore not barred by that exclusion.

51.     Except to the limited extent noted above, there are no exceptions or exclusions to coverage under the Acadia-RSM Policy, and Consigli has complied with any and all applicable

conditions or requirements of the Acadia-RSM Policy to obtain the indemnity and defense

required under that policies.

52.     Consigli is entitled to payment by Acadia in the amount of its $541,577, minus

any costs barred by the "your work" defense, and to indemnity and defense from and against the

potential claims of RSM.

53.     This action presents an actual case or controversy with respect to the rights and

obligations of the parties under the insurance policies at issue, such that this Court is empowered

to issue declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

et seq.

**WHEREFORE,** Plaintiff Consigli Construction Company respectfully requests that this

Court determine and declare the Consigli is entitled to indemnity and defense from Acadia,

including a payment of up to $541,577 of damages and to indemnity and defense against the

potential claims of RSM.


**COUNT III**
**Breach of Insurance Contract – Acadia Under Acadia-Consigli Policy**

54.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference

the allegations of paragraphs One through Fifty-Three as set forth above.

55.     Acadia's failures to indemnity and defend Consigli under terms of the Acadia-

Consigli Policy constitute a breach of contract.

56.     Consigli has been damaged by that breach of contract in an amount of which has

yet to be determined, but which is in excess of $541,577.

**WHEREFORE**, Plaintiff Consigli Construction Company respectfully requests that this Court enter judgment against Acadia for its breach of contract in the amount of its damages, plus interest, costs and any other amounts deemed just and proper by this court.


## COUNT IV
## Breach of Insurance Contract – Old Republic

57.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Fifty-Six as set forth above.

58.     Old Republic's failures to indemnity and defend Consigli under terms of the old Republic Policy constitute a breach of contract.

59.     Consigli has been damaged by that breach of contract in an amount of which has yet to be determined, but which is in excess of $541,577.

**WHEREFORE**, Plaintiff Consigli Construction Company respectfully requests that this Court enter judgment against Old Republic for its breach of contract in the amount of its damages, plus interest, costs and any other amounts deemed just and proper by this court.


## COUNT V
## Breach of Insurance Contract – Acadia Under Acadia-RSM Policy

60.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Fifty-Nine as set forth above.

61.     Acadia's failures to indemnity and defend Consigli under terms of the Acadia-RSM Policy constitute a breach of contract.

62.     Consigli has been damaged by that breach of contract in an amount of which has yet to be determined.

**WHEREFORE**, Plaintiff Consigli Construction Company respectfully requests that this Court enter judgment against Acadia for its breach of contract in the amount of its damages, plus interest, costs and any other amounts deemed just and proper by this court.

## COUNT VI
### Breach of Contract - RSM

63.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Sixty-Two as set forth above.

64.     RSM failed to properly perform the work and failed to cure its defective work upon Consigli's demand.

65.     RSM's failure to properly perform and to remedy the work constituted a breach of contract, and Consigli has been damaged by that breach of contract in the amount of $541,577.

**WHEREFORE**, Consigli demands judgment against RSM for its damages, to the extent not awarded to Consigli from any of the insurers.

## COUNT VII
### Negligence - RSM

66.     Plaintiff Consigli Construction Co., Inc. re-alleges and incorporates by reference the allegations of paragraphs One through Sixty-Five as set forth above.

67.     RSM had a duty to perform the work in accordance with contractual requirements and in accordance with industry standards, codes and practices but breached that duty by failing to properly perform the work in that manner.

68.     RSM's failures to perform the work in accordance with contractual requirements and industry standards, codes and practices allowed water to enter the roofing system at the Project, and that water caused extensive damage to the Project.

69.     RSM's failure to properly perform the work constituted negligence, and Consigli

has been damaged by that negligence in the amount of $541,577.

WHEREFORE, Consigli demands judgment against RSM for its damages, to the extent

not awarded to Consigli from any of the insurers.

Dated:  September 12, 2014.

Respectfully submitted,
CONSIGLI CONSTRUCTION CO., INC.
By its attorneys,


/s/ Bernard J. Kubetz
Bernard J. Kubetz, Esq.
Eaton Peabody
80 Exchange Street
P.O. Box 1210
Bangor, ME 04402-1210
207-947-0111
bkubetz@eatonpeabody.com

Jeremy Ritzenberg, Esq. BBO # 546950
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
617-345-9000
617-345-9020